# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20757

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES BURRELL GIBSON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-313-2

Before CLEMENT, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

James Burrell Gibson appeals his 14-year sentence resulting from a guilty plea for aiding and abetting aggravated bank robbery under 18 U.S.C. §§ 2 and 2113(a), (d). Gibson contends the district court committed reversible plain error when it accepted his guilty plea because it failed to inform him that, to be found guilty, he needed foreknowledge that firearms would be possessed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20757

or used, and because there was insufficient factual support showing such foreknowledge. Because our review is for plain error and Gibson failed to show that any error committed by the district court was plain, we AFFIRM.

## I. Background

Gibson pleaded guilty to one count of aiding and abetting a bank robbery by use of a firearm under 18 U.S.C. §§ 2 and 2113(a), (d). In exchange for the plea and Gibson's waiver of his right to appeal, the Government agreed to dismiss a charge of aiding and abetting the discharge of a firearm during a crime of violence under 18 U.S.C. § 924(c).

At his plea hearing, the district court advised Gibson of the nature of the crime he was pleading guilty to, including: (1) someone put a person's life in jeopardy by using a dangerous weapon while intentionally taking money possessed by a federally insured bank; and (2) Gibson associated with and purposely participated in the criminal venture, and sought by his actions to make that venture successful.

Gibson acknowledged understanding that those elements, taken together, constituted what he was pleading guilty to. Asked to say in his own words what he did to commit the crime he was pleading guilty to, Gibson replied, "I assisted in . . . the getaway of the bank robbery. I was the driver of the white [getaway] van."

The district court sentenced Gibson to 168 months' imprisonment, the low end of the Guidelines range, followed by three years of supervised release. Gibson now appeals his conviction and sentence. He contends the district court plainly erred by not advising him of the full nature of the charge he was pleading guilty to and by accepting his plea when there was an insufficient factual basis to support it.

2

No. 15-20757

## II.  Standard of Review

Gibson concedes, and the record confirms, that his appeal is subject to plain error review because he did not, until this appeal, claim that the district court misadvised him of the nature of the charge to which he was pleading guilty or that the factual basis for his guilty plea was insufficient.  *See United States v. Alvarado-Casas*, 715 F.3d 945, 951–53 (5th Cir. 2013). To establish plain error, a defendant "must show (1) an error (2) that was clear or obvious (3) that affected his substantial rights."  *See United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam) (citation omitted).  An error is "clear or obvious" if controlling circuit or Supreme Court precedent has decided the issue, but not if it remains "subject to reasonable dispute."  *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (quoting *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015)).  If plain error is established, "we have the discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  *Avalos-Martinez*, 700 F.3d at 153 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## III.  Discussion

Federal Rule of Criminal Procedure 11 requires a court to advise a defendant of the nature of the charge to which he is pleading so that his plea is an informed one.  *See* FED. R. CRIM. P. 11(b)(1)(G).  There is no "mechanical rule" as to how a court must notify a defendant of the nature of the charge he is pleading guilty to.  *United States v. Reyna*, 130 F.3d 104, 110 (5th Cir. 1997) (citing *United States v. Dayton*, 604 F.2d 931, 937–38 (5th Cir. 1979) (en banc)).  Rather, a court must generally "have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge."  *Id.* (citations omitted).

The Government charged Gibson with aiding and abetting aggravated bank robbery under 18 U.S.C. §§ 2 and 2113(a), (d).  To prove the offense of

bank robbery under § 2113(a), "the government must demonstrate that: an individual or individuals used force and violence or intimidation to take or attempt to take from the person or presence of another money, property, or anything of value belonging to or in the care, custody, control, management or possession of any bank." *United States v. Ferguson*, 211 F.3d 878, 883 (5th Cir. 2000). "The punishment may be enhanced when, in committing or attempting to commit the offense, the defendant assaults another person or puts in jeopardy the life of another person by the use of a dangerous weapon or device," thereby committing aggravated bank robbery under § 2113(d). *Id.*

Section 2 is the federal aiding and abetting statute. It provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). To convict a defendant under § 2, the government must prove the defendant associated with the criminal venture, purposefully participated in it, and sought by his actions to make the venture succeed. *United States v. Vaden*, 912 F.2d 780, 783 (5th Cir. 1990). An aider and abettor is liable for criminal acts that are the "natural or probable consequence of the crime" that he encouraged. *Id.* (quoting *United States v. Fagan*, 821 F.2d 1002, 1012 (5th Cir. 1987)). To be associated with the criminal venture, a defendant must "share[] in the criminal intent of the principal." *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005) (quoting *United States v. Sorrells*, 145 F.3d 744, 753 (5th Cir. 1998)).

In Gibson's case, the district court recited to him the basic elements of aiding and abetting aggravated bank robbery, tracking this circuit's statements of the requirements for conviction. Although the district court told Gibson that aiding and abetting in his case required a "bank robbery," the district court's recitation of the elements for aggravated bank robbery made

4

No. 15-20757

clear that Gibson was being charged with aiding and abetting aggravated bank robbery.

The district court did not state explicitly that being associated with a criminal venture requires sharing the criminal intent of one's confederates. But the district court closely hewed to existing circuit precedent when it explained that Gibson had to "purposely" participate in "intentionally" committing a bank robbery that put another person's life in jeopardy by use of a dangerous weapon. Further, the district court gave Gibson an opportunity to ask questions about the elements of his charged crime. Gibson also said in his own words that he assisted in the armed bank robbery described by the Government's lawyer. On this record, it is not plain that the district court erred in advising Gibson and determining that he understood the nature of the charge to which he was pleading guilty. *See Alvarado-Casas*, 715 F.3d at 951–53.

Gibson, however, argues that the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), required the district court to inform him that by aiding and abetting aggravated bank robbery, he was admitting to foreknowledge of the presence of a firearm. In *Rosemond*, the Supreme Court considered what it takes to aid and abet an offense under 18 U.S.C. § 924(c), which makes it a crime to use or carry a firearm during any crime of violence or drug trafficking crime. *Rosemond*, 134 S. Ct. at 1243–45. The Supreme Court held that to be convicted of aiding and abetting a § 924(c) offense, a defendant must have "advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 1243.

Gibson argues that *Rosemond* applies, even though the Government dismissed its § 924(c) charge against him when he pleaded guilty to aiding and abetting aggravated bank robbery under § 2113(a), (d). However, it is not clear *Rosemond* applies to Gibson's case. The Supreme Court explicitly

5

acknowledged that it was not addressing whether the charged crime in *Rosemond* was a natural and probable consequence of the intended crime, which might create an "exception" to the general rule that an aider and abettor must intend to further the full scope of a charged crime. *Id.* at 1248 n.7 ("[N]o one contends that a § 942(c) violation is a natural and probable consequence of simple drug trafficking."). Moreover, it is well established in this circuit that an aider and abettor is liable for criminal acts that are the "natural or probable consequence of the crime" that he encouraged. *See United States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008) (quoting *Vaden*, 912 F.2d at 783).

The only case in our circuit addressing this issue held that *Rosemond* did not apply to a case involving armed robbery under Mississippi law because the Mississippi Supreme Court has held the use of a firearm to be a natural and probable consequence of simple robbery. *Hughes v. Epps*, 561 F. App'x 350, 354 n.4 (5th Cir. 2014) (per curiam).[1] Thus, the district court's ruling was consistent with the only guidance it had from this court.

Given the lack of controlling circuit or Supreme Court precedent in his favor and the issues raised by the foregoing case, Gibson cannot satisfy the second prong of the plain error test—that the district court's error be clear or obvious under existing law. *See Scott*, 821 F.3d at 570–71; *see also United States v. Seabrooks*, 839 F.3d 1326, 1337 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2265 (2017) (perceiving no plain error in a jury instruction on aiding and abetting because the Supreme Court and controlling circuit precedent had not resolved whether a defendant's knowledge that the principal was a convicted felon was an essential element of aiding and abetting a § 922(g) violation). Because it is not clear or obvious that *Rosemond*'s "advance knowledge"

---

[1] Although *Hughes v. Epps* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4). This further demonstrates that the alleged error here was not "clear."

No. 15-20757

requirement applies to the charge against Gibson of aiding and abetting aggravated bank robbery, we need not determine whether there was a factually sufficient basis for finding that Gibson had foreknowledge that firearms would be used.

AFFIRMED.